

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-24-00073-CR, 07-24-00074-CR

EX PARTE OSCAR DE LA CRUZ RIVERA;
EX PARTE JENIN ARIEL RODRIGUEZ-RODRIGUEZ

On Appeal from the County Court
Kinney County, Texas[1]
Trial Court Nos. 13456CR, 12217CR, Honorable Susan Dolan Reed, Presiding

February 27, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Oscar de la Cruz Rivera and Jenin Ariel Rodriguez-Rodriguez, Appellants, challenge the trial court's denial of their applications for a pretrial writ of habeas corpus. We affirm.

---

[1] Originally appealed to the Fourth Court of Appeals, these appeals were transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

## BACKGROUND

As part of Operation Lone Star ("OLS"), Appellants, both non-citizens, were arrested and charged with criminal trespass[2] in Kinney County near the U.S.-Mexico border in November of 2021.[3] Each Appellant filed a pretrial writ of habeas corpus in which he argued that the State's prosecution of him violated his federal and state equal protection rights. They claimed that the State selectively prosecuted them on the basis of sex, because women who were apprehended for criminal trespass were neither arrested nor prosecuted but were instead released into federal custody. In identical orders issued on January 15, 2024, the trial court denied both applications. Appellants brought these appeals.

## ANALYSIS

In *Ex parte Aparicio*, the Texas Court of Criminal Appeals held that the claim of an appellant arrested under similar circumstances was cognizable in a pretrial habeas application. The court explained that such a claimant had to show "exceptionally clear evidence" that the prosecutorial policy had both (1) a discriminatory effect and (2) a discriminatory purpose. *Id.* at *20. The court concluded that Aparicio had not met his burden of establishing that he was arrested and prosecuted because of his sex.

---

[2] *See* TEX. PENAL CODE ANN. § 30.05(a).

[3] *See Ex parte Aparicio*, No. PD-0461-23, 2024 Tex. Crim. App. LEXIS 739, at *2 (Tex. Crim. App. Oct. 9, 2024) (cert. filed) (describing OLS as program initiated to combat surge of illegal border crossings from Mexico to Texas and authorizing state or county law enforcement officials to detain and arrest individuals crossing border illegally for state-level offenses committed on or near border).

2

The evidence before us is very similar to the evidence analyzed by the Texas Court of Criminal Appeals in *Ex parte Aparicio*. The high court concluded that such evidence was insufficient to make a prima facie showing of selective, sex-based arrest and prosecution. *See id.* at *26–30. For the same reasons discussed in *Ex parte Aparicio*, we likewise conclude that Appellants have not shown by "'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against [them] *because* [they are] male." *Id.* at *31 (emphasis in original); *see also Ex parte Rodriguez-Cerda*, No. 08-23-00325-CR, 2024 Tex. App. LEXIS 9153, at *6–7 (Tex. App.—El Paso Dec. 30, 2024, no pet.) (mem. op., not designated for publication) (relying on *Ex parte Aparicio* and holding that appellant in similar circumstances failed to establish prima facie case of selective prosecution); *In re Batista-Garcia*, No. 06-23-00209-CR, 2024 Tex. App. LEXIS 8881, at *2 (Tex. App.—Texarkana Dec. 19, 2024, no pet.) (mem. op., not designated for publication) (citing *Ex parte Aparicio* and concluding that appellant "would be unable to make a prima facie showing that he was arrested and prosecuted because of his gender"); *Ex parte Iturbides-Islas*, No. 07-23-00234-CR, 2025 Tex. App. LEXIS 524, at *5 (Tex. App.—Amarillo Jan. 31, 2025, no pet.) (mem. op., not designated for publication) (following *Ex parte Aparicio* and concluding appellant failed to meet burden to prove entitlement to relief).

## CONCLUSION

Accordingly, we affirm the trial court's denial of Appellants' pretrial writs of habeas corpus.

Judy C. Parker
Justice

Do not publish.